UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                                Case No:  8:06-cr-169-T-30TBM

ANDRES VAZQUEZ.

_____/

# ORDER

THIS CAUSE comes before the Court upon Defendant's motion for appointment of counsel (Doc. 67).  By his motion, Defendant requests appointment of counsel to assist him with obtaining relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), *declared retroactive by Welch v. United States*, 136 S. Ct. 1257 (2016).  The Court, having reviewed Defendant's motion, and being otherwise fully acquainted with the facts of this case, concludes that Defendant's motion to appoint counsel should be denied.

## BACKGROUND

In 2006, two separate indictments were filed charging Defendant with violating federal laws.  In case no. 8:16-cv-169-T-30TBM, Defendant entered a guilty plea to conspiracy to possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846.  (Docs. 31, 33, 35).  Pursuant to an amended judgment, on May 31, 2007, Defendant was sentenced to 151 months' imprisonment and 60 months' supervised

release. (Docs. 47, 60). In case no. 8:06-cr-122-T-30TBM, Defendant entered a guilty plea to being an aggravated felon alien found in the United States without permission after deportation, in violation of 8 U.S.C. § 1326(a), (b)(2). (Docs. 15, 18, 19). Defendant was sentenced to 77 months' imprisonment and 36 months' supervised release to run concurrent with the sentence imposed in case no. 8:06-cr-169-T-30TBM. (Doc. 23). Although the present motion was filed in case no. 8:06-cr-169-T-30TBM, based on the arguments raised in the motion, the Court concludes that Defendant intended to challenge the sentence imposed in case no. 8:06-cr-122-T-30TBM.

## **DISCUSSION**

Defendant is not entitled to appointment of counsel. Construing Defendant's motion liberally, it appears that Defendant is seeking to pursue relief under 28 U.S.C. § 2255. There is no Sixth Amendment right to counsel during collateral attacks on a sentence. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions. . . . Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); *Hooks v. Wainwright*, 775 F.2d 1433, 1438 (11th Cir. 1985) (holding that "there is no automatic constitutional right to representation in a federal habeas corpus proceeding"). A petitioner may request appointment of counsel to assist in a § 2255 proceeding; however, such appointment is within the court's discretion. *See* 18 U.S.C. § 3006A(a)(2)(B). Under such circumstances, counsel shall be appointed upon request of a financially indigent defendant if the court determines that "the interests of justice so require." *Id.* Here, the interests of justice do not require appointment of counsel

because Defendant is not entitled to relief under *Johnson* and any claim he may raise pursuant to that decision would be futile.

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), defining a violent felony as a crime "involv[ing] conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. *See Johnson*, 135 S. Ct. at 2563. Defendant was not sentenced under the ACCA; thus, *Johnson* is not directly applicable to Defendant.

Defendant contends that he is entitled to relief under *Johnson* because he was subject to an eight-level enhancement pursuant to United States Sentencing Guideline § 2L1.2(b)(1)(C).[1] (Doc. 67). Defendant was subject to a sixteen-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A), which provides:

> If the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense, increase by 16 levels if the conviction receives criminal history points under Chapter Four or by 12 levels if the conviction does not receive criminal history points.

Defendant's sentence was subject to this enhancement because he was previously deported after being convicted of a felony drug trafficking offense—possession of cocaine with intent to sell or deliver. (PSR ¶ 15). *Johnson* is inapplicable to Defendant's sentence

---

[1] Defendant was not sentenced under U.S.S.G. § 2L1.2 in case no. 8:06-cr-169-T-30TBM. However, Defendant was sentenced under U.S.S.G. § 2L1.2 in case no. 8:06-cr-122-T-30TBM. The Court therefore assumes that Defendant intends to challenge his sentence in case no. 8:06-cr-122-T-30TBM.

imposed on sentencing guidelines calculated pursuant to U.S.S.G. § 2L1.2. Thus, Defendant would not be entitled to relief under *Johnson*.

## CONCLUSION

Because Defendant would not be entitled to relief under *Johnson*, it would be futile to appoint counsel for Defendant for the purposes of seeking relief pursuant to *Johnson*.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's motion for appointment of counsel (Doc. 67) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida, this 22nd day of August, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record